PETER McHUGH, JR., AN INFANT, BY HIS FATHER AND NEXT FRIEND, PETER McHUGH, SR., AND PETER McHUGH, SR., IN HIS OWN RIGHT, PLAINTIFFS-RE-SPONDENTS, v. ALBERT PROSSER AND WILLIAM COWARD, TRADING AS COWARD BROTHERS, DEFEND-ANTS; ALBERT PROSSER, APPELLANT.

EFFIE I. REEVES, AN INFANT, BY HER NEXT FRIEND, CHARLES W. REEVES, AND CHARLES W. REEVES, IN HIS OWN RIGHT, PLAINTIFFS-RESPONDENTS, v. AL-BERT PROSSER AND WILLIAM COWARD, TRADING AS COWARD BROTHERS, DEFENDANTS; ALBERT PROS-SER, APPELLANT.

Argued January 20, 1931—Decided July 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the plaintiffs-respondents, *Solve Tuso* and *Thomas G. Tuso*.

For the defendant-appellant, *McDonald & Joseph* and *Thompson & Hanstein*.

PER CURIAM.

These two cases were tried together in the Cumberland County Common Pleas Court. Each resulted in a verdict in favor of the defendant William Coward, and a verdict and judgment in favor of each of the plaintiffs and against the defendant Albert Prosses, from which judgment Prosser appeals.

The suits arose out of an accident which took place February 21st, 1929, at which time the infant plaintiffs were riding upon sleds attached to the truck of one Coward. The infant plaintiff Peter McHugh, Jr., was fifteen years of age; the infant plaintiff Effie I. Reeves was fourteen years of age. The accident occurred about nine-thirty P. M. The evidence tends to show that the infant plaintiffs had been out with their sleds; that they lived near by the place of the accident; that they stopped at a garage and were invited by the driver of the Coward truck to be hauled along the public highway known as Malaga road on their sleds attached to the Coward truck; that the infant plaintiffs accepted the invitation, and were riding on their sleds tied to the rear of the Coward truck by a rope about twelve feet long; that the Malaga road was covered with snow, which had in part been removed from the middle of the road, thereby leaving ample room on the partly cleared concrete for the passing of two automobiles. The night was a night of very remarkable visibility, being a very bright moonlight night, which in connection with the snow covering the ground, enabled one to see almost as well as in the daytime, making objects quite visible for about nine hundred feet. The place where the accident occurred was in the open country. The foregoing matters of fact appear without substantial dispute.

The defendant's grounds of appeal are only these: (1) because the court refused to nonsuit the plaintiffs; (2) because the court refused to direct a verdict for the defendant Albert Prosser.

It is argued that these motions were improperly denied. because of want of evidence of negligence of the defendant and because the infant plaintiffs were guilty of contributory negligence barring recovery as a matter of law.

We think that neither claim is well founded. We believe there was evidence requiring the submission of both questions to the jury. The evidence produced by the plaintiffs. was to the effect that the Coward truck was pulling the infant plaintiffs along the highway at about twelve miles an hour on plaintiffs' right-hand side of the road; that when the lights of defendant's automobile appeared coming towards the Coward truck between four hundred and five hundred feet away, the children were "hollering" or "screaming" because, as the testimony indicated, the children were frightened, partly because they were going so fast and possibly because of the reflected lights of defendant's car coming. towards them. This hollering or screaming, which was very loud, attracted the attention of various people in the neighborhood. It continued almost up to the instant of the accident. The evidence tended to show that persons in the neighborhood also heard the "screeching" of the brakes of defendant's car for six or seven seconds and over a space of about one hundred and fifty feet as it came on to the point of the accident, and that the defendant's car was traveling as variously said, "thirty-five miles an hour," "awful fast" and "very fast." It was therefore permissible, we think, for the jury to conclude that the driver of defendant's car knew, or in the exercise of reasonable care, ought to have known, of the presence of these children following the Coward truck on their sleds.

Significant and pertinent parts of the evidence just referred to are denied by the defendant; but we are not here concerned with what might have happened on a rule to show

cause why the verdict should not be set aside; we are concerned with the question of whether or not there was any evidence justifying an inference of facts sufficient to go to the jury.

The evidence further tended to show that as the defendant's automobile reached a point opposite the Coward truck, it turned to its left and cut in across the center of the highway, striking the sled upon which the infant plaintiffs were riding and injuring both infant plaintiffs.

This also was denied by the defendant; but there is this significant admission in the brief of the defendant. It says: "We, of course, must concede that there is some testimony in this case that after Prosser passed the truck he turned his car to the left." It further appears in the case that notwithstanding the efforts of the driver of the Prosser car to stop before reaching the truck, as evidenced by the "screeching" of the brakes, his speed and the road conditions made his efforts ineffective, and possibly or probably resulted in his losing control as he passed the Coward truck, for it appears that his automobile proceeded some considerable distance before it was brought to a standstill.

The conclusion that we reach is that there was evidence as to defendant's negligence requiring the submission of that question to the jury.

With respect to the alleged contributory negligence of the infant plaintiffs, we reach the conclusion that that question was properly submitted to the jury, considering more particularly the age of the infants. *Solomon* v. *Public Service Railway Co.,* 87 *N. J. L.* 284; *David, Administrator,* v. *West Jersey and Seashore Railroad Co.,* 84 *Id.* 685.

The judgment will be affirmed, with costs.